# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-858V
**Filed: November 21, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| DOUGLAS ANDOR, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Petitioner's Motion for Dismissal |
| v. | * | Decision; Insufficient Proof of |
| | * | Causation; Vaccine Act Entitlement; |
| SECRETARY OF HEALTH | * | Influenza ("Flu") Vaccine; Hepatitis |
| AND HUMAN SERVICES, | * | A Vaccine; Tetanus-Diptheria- |
| | * | Pertussis ("TDaP") Vaccine; |
| Respondent. | * | Ulcerative Colitis; Spondylitis; |
| * * * * * * * * * * * * * * * * | | Elevated Liver Enzymes. |

Edward M. Kraus, Law Offices of Chicago-Kent, Chicago, IL, for Petitioner.
Darryl Wishard, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On October 31, 2013, Douglas Andor ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 et seq. (2006). Petitioner alleged that he suffered from ulcerative colitis, spondylitis, and elevated liver enzymes, and that these injuries had been caused by the influenza ("flu") vaccine he received on October 31, 2010 and the Hepatitis A and Tetanus-Diptheria-Pertussis ("Tdap") vaccines he received on November 5, 2010.  Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 21, 2014, Petitioner filed a Motion for a Decision Dismissing His Petition ("Motion").  In his Motion, Petitioner indicates that "[a]n investigation of the facts and science supporting this case has demonstrated to Petitioner that at this time he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Motion at 1.  Petitioner further states that he has been advised by his counsel that a decision dismissing his petition will result in a judgment against him and will end all of his rights in the Vaccine Program.  Id.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master